NO. 07-09-0247-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 6, 2009
                                       ______________________________
 
RAUHUT ROOFING & SHEET METAL WORK
D/B/A RAUHUT ROOFING, INC., APPELLANT

V.

STATE FARM LLOYDS AS SUBROGEE
OF CATHERINE DANIELL, APPELLEE
                                    _________________________________

FROM THE COUNTY CIVIL COURT AT LAW NO. 1 OF TRAVIS COUNTY;

NO. C-1-CV-08-004687; HONORABLE J. DAVID PHILLIPS, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant Rauhut Roofing & Sheet Metal Work d/b/a Rauhut Roofing, Inc. filed a
notice of restricted appeal from a default judgment entered on December 11, 2008. The
clerk's record was filed in this Court on July 30, 2009. The docketing statement indicates
no reporter’s record was made.
 
          By letter of September 16, we reminded appellant that the appellate brief was due
no later than August 31, 2009 and thus was past due. The letter notified appellant that the
appeal was subject to dismissal for want of prosecution unless the brief was filed, along
with a motion for extension of time, by September 28, 2009. See Tex. R. App. P. 38.6.
          An appellate court may dismiss an appeal for want of prosecution if an appellant
fails to timely file a brief unless the appellant reasonably explains the failure and the
appellee is not significantly injured by the failure. Tex. R. App. P. 38.8(a)(1). On its own
motion, with ten days' notice to the parties, an appellate court may dismiss a civil appeal
for want of prosecution or a failure to comply with a notice from the clerk requiring a
response or other action within a specified time. Tex. R. App. P. 42.3(b), (c). Here, the
record reveals appellant has not filed a brief or a motion for extension by the date specified
by the Court, despite notice that the failure to do so would subject the appeal to dismissal.
We have given the parties the required ten days' notice.
          Accordingly, we dismiss appellant's appeal for want of prosecution and failure to
comply with a notice from the Court. See Tex. R. App. P. 38.8(a)(1); 42.3(b), (c).
 
                                                                           James T. Campbell

                                                                                     Justice